IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BELINDA BILLALBA GARCIA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:20-cv-01458-L** |
| § | |
| **FEDERAL HOME LOAN MORTGAGE** § | |
| **CORPORATION and NEXBANK SSB,** § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are (1) the objections of Plaintiff Belinda Billalba Garcia ("Ms. Garcia" or "Plaintiff") (Doc. 20) to that portion of the January 20, 2021 Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 19), recommending that the court grant Defendant NexBank SSB's Motion and Application for Attorney's Fees (Doc. 10), and award it $60,375 in attorney's fees from Plaintiff; (2) the response of Defendant NexBank SSB ("NexBank" or "Defendant") to Ms. Garcia's objections (Doc. 21); and (3) supplemental briefing filed by the parties following a July 30, 2021 hearing on the motion. For the reasons discussed below, the court **sustains** Ms. Garcia's objections **in part** and **overrules as moot** her remaining objections, and it **rejects in part** and **accepts in part** the magistrate judge's recommendations.

I.  **Background Facts and Procedural History**

On April 10, 2019, Ms. Garcia obtained a home-equity loan in the amount of $116,000 from the Federal Home Loan Mortgage Corporation ("Freddie Mac"). LoanDepot.com LLC was her initial loan servicer, and NexBank is the current servicer of her loan. Ms. Garcia's closing

Memorandum Opinion and Order – Page 1

documents included a Texas Home Equity Note ("Note") (Ex. A to Def.'s Mot. Attorney's Fees, Doc. 11-1), a Texas Home Equity Security Instrument ("Security Instrument") (*id.* at Ex. B, Doc. 11-2), and a Texas Home Equity Affidavit (*id.* at Ex. C, Doc. 11-3). The Security Instrument granted the lender a security interest in the real property located at 726 Echo Drive, Grand Prairie, Texas ("Property"), and stated that "[i]t is the intention of Lender and Borrower to structure this Extension of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution." *Id.* at Ex. B (Doc. 11-2 at 13).

On March 9, 2020, Ms. Garcia sent a notice to Freddie Mac asserting that there were certain constitutional violations on the loan closing that needed to be cured, including, in relevant part, that "[t]he loan was closed somewhere that wasn't your office, a title company's office, or an attorney's office." Ex. 2 to Pl.'s Orig. Pet. (Doc. 2-2 at 37). Section 50(a)(6)(N) of the Texas Constitution requires the closing of a home equity loan to occur "only at the office of the lender, an attorney at law, or a title company." Tex. Const. art. XVI, § 50(a)(6)(N). Defendants failed to cure the defect. Pl.'s Orig. Pet. 3 (Doc. 2-2 at 3).[1]

On May 11, 2020, Ms. Garcia sued Freddie Mac and NexBank, alleging that they violated § 50(a)(6) of the Texas Constitution, which was incorporated into her closing documents. Specifically, in her state court petition, Ms. Garcia alleged that the home equity loan was void because it was not closed "at the office of the lender, an attorney at law, or a title company" in violation of § 50(a)(6)(N) of the Texas Constitution. *Id.* She also alleged that Defendants were in breach of the Security Instrument because they failed to cure a constitutional defect after receiving notice. *Id.* She asserted claims for breach of contract and declaratory relief under the Texas

---

[1] Section 50(a)(6) requires a borrower to notify the lender of its noncompliance. Tex. Const. art. XVI, § 50(a)(6)(Q)(x). That notice triggers the lender's opportunity to cure. *Id.* The lender has 60 days from the borrower's notice to cure. *Id.* If the lender does not, it "shall forfeit all principal and interest of the extension of credit." *Id.*

**Memorandum Opinion and Order – Page 2**

Declaratory Judgment Act ("TDJA"), including a judgment that declares the Security Instrument and Note void and quiets title. *Id.* at 4-10.

On June 8, 2020, Defendants removed the case to this court. On June 15, 2020, Defendants filed a motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On June 23, 2020, Ms. Garcia voluntarily dismissed the case without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[2]

On July 6, 2020, NexBank filed its Motion and Application for Attorney's Fees, seeking $60,375 in attorney's fees against Ms. Garcia pursuant to: (i) Section 38.001(8) of the Texas Civil Practice & Remedies Code (asserting that it was the "prevailing party"); (ii) Section 9 of the Security Instrument; (iii) the court's inherent power, and (iv) the TDJA. NexBank also sought attorney's fees against Ms. Garcia's counsel under 28 U.S.C. § 1927, contending he initiated this litigation knowing that Ms. Garcia did not have a viable claim.

On July 15, 2020, the court referred NexBank's Motion and Application for Attorney's Fees to the magistrate judge. *See* Order of Reference (Doc. 14). On January 20, 2021, the magistrate judge issued her Report (Doc. 19).[3] After analyzing the Security Instrument, the

---

[2] Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a party to dismiss her action by notice when no answer or motion for summary judgment has been filed. The effect of a Rule 41(a)(1) dismissal is to put plaintiff in the same legal position as if she had never brought suit; plaintiff suffers no impairment beyond her fee for filing. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976); *see also Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985) (explaining that "if plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed").

[3] Although the court mistakenly referred the motion for "determination," the magistrate judge correctly issued Findings, Conclusions, and Recommendation. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(D), a court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Absent consent of the parties, dispositive matters may be referred only for report and recommendation. 28 U.S.C. § 636(b). Accordingly, the magistrate issued her findings in the form of a report and recommendation.

magistrate judge concluded that NexBank had "shown that [it] is entitled to [its] attorneys' fees under the Security Instrument." Report 8 (Doc. 19). Specifically, she concluded:

> Here, the Security Instrument provides that Plaintiff shall pay the reasonable attorneys' fees incurred by Defendant to protect its interest in the Property or rights under the Security Instrument. (doc. 2-2 at 19-20 (If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . includ[ing], but are not limited to . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.").) Because Plaintiff's suit threatened Defendants' interest in the Property as well as their rights under the Security Instrument, under Texas law, its language entitles Defendants to recover the attorneys' fees incurred while protecting their rights.

*Id.* at 6 (citations omitted).

The magistrate judge further concluded that the "prevailing party requirement of § 38.001 does not apply[,]" because NexBank sought attorney's fees under the Security Instrument, which did not condition recovery of attorney's fees and costs on prevailing party status. *Id.* at 7. She also explained that "[c]ontractual agreements providing for the recovery of attorney's fees supersede the statutory provisions for the recovery of fees found in Texas Civil Practice & Remedies Code chapter 38." *Id.* (quoting *Garcia v. Wells Fargo Bank, N.A.*, No. 3:12-CV-645-P, 2012 WL 12873202, at *6 (N.D. Tex. Oct. 26, 2012)).

Based on her findings and conclusions, she recommended that, pursuant to Section 9 of the Security Instrument, the court grant NexBank's request for attorney's fees in the amount of $60,375 against Ms. Garcia for services performed by its attorneys Robert L. Negrin of Aldridge Pite, LLP and Jason Goldsmith of Goldsmith Associates, PLLC. Because the magistrate judge recommended granting the motion pursuant to a provision of the Security Instrument, she did not reach NexBank's remaining arguments in support of its motion. She also recommended that the court deny NexBank's request for attorney's fees against Ms. Garcia's counsel. *Id.* at 11-13.

**Memorandum Opinion and Order – Page 4**

Ms. Garcia filed her objections (Doc. 20) on February 3, 2021. NexBank filed its response to Ms. Garcia's objections (Doc. 21) on February 24, 2021. NexBank did not file any objections.

On July 30, 2021, the court held a hearing on NexBank's motion, after which the parties filed supplemental briefing. Much of the hearing focused on NexBank's argument that it was entitled to attorney's fees based on Section 38.001(8) of the Texas Civil Practice & Remedies Code, which the court questioned given that Ms. Garcia voluntarily dismissed her lawsuit without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and NexBank did not assert a claim against her and did not recover damages.

Following the hearing, NexBank withdrew any argument that it was entitled to attorney's fees as the "prevailing party" under Texas Civil Practice and Remedies Code § 38.001(8). *See* Def.'s Second Corrected Supplemental Brief in Support of Motion and Application for Attorney's Fees 6 (Doc. 31) ("Based on counsel's further review of the case law, NexBank withdraws its argument that it is entitled to attorneys' fees based on Section 38.001(8) of the Texas Civil Practice & Remedies Code."); *id.* at 7 ("Here, NexBank did not assert a claim against Plaintiff and did not recover damages. Therefore, section 38.001 cannot form the basis for an award of attorneys' fees."). NexBank's decision to withdraw its contention that, as a "prevailing party" it was entitled to attorney's fees under section 38.001, moots Ms. Garcia's numerous objections to NexBank's contention that it was a "prevailing party" under Section 38.001(8) of the Texas Civil Practice & Remedies Code and to the magistrate judge's conclusion that she did not need to reach the issue of whether NexBank was a "prevailing party." Accordingly, the court **overrules as moot** Ms. Garcia's objections to the magistrate judge's Report related to the magistrate judge's conclusion that she did not need to decide whether NexBank was a "prevailing party" under Section 38.001(8) of the Texas Civil Practice & Remedies Code.

## II. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 72 sets forth the standard of review for the district court's consideration of the magistrate judge's findings and recommendations. Fed. R. Civ. P. 72. Although Rule 72 generally applies only to pretrial orders, a district court may refer motions for attorney's fees "to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When a magistrate judge has ruled on a dispositive motion to which timely objections have been filed, Rule 72(b) requires the district court to "make a de novo determination." Fed. R. Civ. P. 72(b). "[P]lain error review applies when a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court, so long as the party was served with notice of the consequences of failing to object." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1)).

### B. Ms. Garcia's Remaining Objections

In addition to those objections the court has previously overruled as moot, *see supra*, Ms. Garcia argues (i) that the attorney's fee provision in Section 9 of the Security Instrument—which is the sole basis of the magistrate judge's recommendation to award NexBank's request for attorney's fees against her—is not intended to address the current legal proceedings; and (ii) that the magistrate judge's recommendation to award NexBank attorney's fees against her violates the nonrecourse provision of the Texas Constitution, which establishes that home equity loans must be without recourse for personal liability against the owner or the owner's spouse unless the owner or the owner's spouse obtained the extension of credit by actual fraud.

    **1. Ms. Garcia's Objection to Magistrate Judge's Finding that Section 9 of the Security Instrument Allows NexBank to Recover Fees Against Her**

Ms. Garcia objects to the magistrate judge's findings and conclusion that NexBank should be awarded attorney's fee against her under the provisions in Section 9 of the Security Instrument. In its response to her objections, NexBank curiously contends that "Plaintiff makes no argument that the Security Instrument failed to provide for an award of attorneys' fees." Def.'s Resp. 11-12 (Doc. 21). This contention is misleading and incorrect. While Ms. Garcia recognizes that the Security Instrument contains an attorney's fees provision, she objects to the magistrate judge's finding that she "expressly agreed in the Security Instrument to be liable for those attorney's fees." Pl.'s Obj. 10. She contends that this finding "not only mischaracterizes the agreement, it leads to an incorrect analysis in violation of Texas law." *Id.* According to Ms. Garcia, the attorney's fee provision in Section 9, upon which the magistrate judge relies, is not triggered here, as it was not "intended to penalize a borrower exercising his or her rights after notifying the lender of a violation with the home equity loan under Section 14 of the Deed of Trust and the Texas Constitution, and the lender failing to subsequently cure." *Id.* at 1. For the reasons that follow, the court **sustains** Ms. Garcia's objection.

> Section 9 of the Security Instrument provides:
>
> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, **(b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations)**, or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have

> utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9. No powers are granted by Borrower to Lender or Trustee that would violate provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution or other Applicable Law.
>
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

Ex. B to Def.'s Mot. Attorney's Fees at Ex. B (Security Instrument) (Doc. 11-2 at 8-9) (emphasis added).

In NexBank's Motion and Application for Attorney's Fees, relying on the highlighted portion of Section 9 of the Security Instrument, *supra*, NexBank argued that:

> Here, Plaintiff's cause of action for breach of contract sought to have the Security Instrument and the Note it secured declared invalid or void. (Compl. ¶¶ 22, 23, 27, 29, 32, Prayer for Relief.) It is indisputable therefore, that this action constitutes a "legal proceeding that might significantly affect Lender's interest in the Property and/or rights under th[e] Security Instrument." As such, Defendants were contractually authorized to pay reasonable attorneys' fees to protect their interest in the Property. And because Plaintiff expressly agreed in the Security Instrument to be liable for those attorneys' fees, Defendant is entitled to an award of their reasonable attorneys' fees in this action.

*Id.* at 13-14. Notably, NexBank failed to address the provision of Section 9 that provides examples of the kinds of legal proceedings that trigger the attorney's fee provision, namely "a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations."

In her Report, the Magistrate Judge agreed with NexBank. Specifically, she concluded:

> Here, the Security Instrument provides that Plaintiff shall pay the reasonable attorneys' fees incurred by Defendant to protect its interest in the Property or rights under the Security Instrument. (doc. 2-2 at 19-20 (If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property

**Memorandum Opinion and Order – Page 8**

>  and rights under this Security Instrument . . . . includ[ing], but are not limited to . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.").) Because Plaintiff's suit threatened Defendants' interest in the Property as well as their rights under the Security Instrument, under Texas law, its language entitles Defendants to recover the attorneys' fees incurred while protecting their rights.

*Id.* at 6 (citations omitted). Like NexBank, the magistrate judge did not address the provision of Section 9 that provides the following as the types of legal proceedings that trigger the attorney's fee provision, namely "a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations."[4]

Neither party provides case law to support the proposition that Ms. Garcia's civil action—premised entirely on her allegation that the loan did not close at the office of the lender, an attorney at law, or a title company and, therefore, failed to comply with Article XVI, § 50(a)(6) of the Texas Constitution—is a legal proceeding of the type contemplated by Section 9 of the Security Instrument. Based on its research, the court concludes that Ms. Garcia's legal proceeding falls outside the terms of Section 9 of the Security Instrument permitting a lender to recoup its attorney's fees incurred in connection with "a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument."

In 2015, the Texas Supreme Court considered identical language in a security instrument. *See Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 919 (Tex. 2015). In that case, Wells

---

[4] The court notes that in her response to NexBank's Motion and Application for Attorney's Fees, Ms. Garcia argued: "Section 9 is a boilerplate provision present in every Texas home equity loan[] and is designed to allow the lender to protect its collateral (the property) or lien position. *As stated in the section, such things as foreclosure by other lenders, bankruptcy, and tax sales are contemplated in addition to maintenance of the property.* Defendant would now have Plaintiff pay not only exercising her right to dismiss the suit under federal rule, but also for bringing suit under the Texas Constitution." Pl.'s Resp. 13 (Doc. 16) (emphasis added).

**Memorandum Opinion and Order – Page 9**

Fargo (a home equity lender) initiated foreclosure proceedings, and the borrowers filed a separate and original proceeding challenging the lender's right to foreclose and alleging common law fraud and DTPA violations, seeking relief under the TDJA, and pleading for specific performance of an oral contract to refinance the loan. The lender answered and counterclaimed for declaratory judgment and requested attorney's fees under the TDJA. The district court entered summary judgment in favor of the lender and ordered the borrowers to pay attorney's fees. The borrowers appealed, and the appellate court affirmed the summary judgment award but reversed the attorney's fee award. *Murphy v. Wells Fargo Bank, N.A.*, 455 S.W.3d 621, 633 (Tex. App.—Houston [14th Dist.] 2013), *rev'd in part*, 458 S.W.3d 912 (Tex. 2015).

On review, the Texas Supreme Court held that the trial court had the authority under the TDJA to award attorney's fees to the lender and reversed in part the appellate court's decision. *Murphy*, 458 S.W.3d at 919-20. It also held that attorney's fees incurred by the lender under the TDJA were not part of the "extension of credit" to borrowers within the meaning of the constitutional homestead provision and, therefore, the lender could recover a personal judgment for its attorney's fees against the borrowers. *Id.* In reaching the latter conclusion, the Texas Supreme Court considered Section 9 of the parties' security instrument, containing identical language to the Security Instrument in this case, and analyzed whether the original and separate legal proceeding initiated by the borrowers fell within the parameters of part (b) of Section 9 of the security instrument, that is, whether the borrowers' action against the lender was "a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over the Security Instrument or to enforce laws or regulations." *Id.* at 918 (quoting Section 9 of the security instrument between the lender and borrowers). The Texas Supreme Court concluded it did not. It held:

**Memorandum Opinion and Order – Page 10**

> While there was a legal proceeding, it was not a legal proceeding of the kind contemplated by the security instrument, which addresses those proceedings in "bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations." These enumerated legal proceedings have two primary similarities: none of the covered proceedings are brought by the borrower directly against the lender, and none of the covered proceedings contest the merits of the underlying loan. The [borrowers'] separate and original declaratory judgment action does both, and therefore falls outside of this term's scope.

*Id.* at 919.

Similarly, in this case, Ms. Garcia's separate and original civil action is a proceeding brought by the borrower (Ms. Garcia) directly against the lender (NexBank) and contests the merits of the loan. It is not akin to the type of legal proceedings contemplated in the Security Instrument, which addresses those proceedings in "bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations." Like the separate and original proceeding brought by the borrowers in *Murphy*, Ms. Garcia's civil action falls outside the scope of the term "legal proceeding" in Section 9 of the Security Instrument.

Accordingly, the court **sustains** Ms. Garcia's first objection and **rejects** that portion of the magistrate judge's Report in which she recommended that, pursuant to Section 9 of the Security Instrument, the court should grant NexBank's request for attorney's fees in the amount of $60,375 against Ms. Garcia for services performed by its attorneys Robert L. Negrin of Aldridge Pite, LLP and Jason Goldsmith of Goldsmith Associates, PLLC.

In light of the court's decision, it need not consider Ms. Garcia's objections that the magistrate judge's recommendation to award NexBank's request for attorney's fees against her personally violated the nonrecourse provision of the Texas Constitution applicable to her home equity loan; however, the court will address her second objection below, as it provides an independent and alternate ground to deny NexBank's request for attorney's fees against her.

**Memorandum Opinion and Order – Page 11**

### 2. Ms. Garcia's Objection that the Magistrate Judge's Recommendation to Award NexBank Attorney's Fees Against Her Violates the Nonrecourse Provision of the Texas Constitution Applicable to her Home Equity Loan

Ms. Garcia objects that the magistrate judge's recommendation to award NexBank attorney's fees against her violates the nonrecourse provision of the Texas Constitution, which establishes that home equity loans must be without recourse for personal liability against the owner or the owner's spouse unless the owner or the owner's spouse obtained the extension of credit by actual fraud. Pl.'s Obj. 10-12. For the reasons that follow, the court **sustains** her objection.

According to the Section 50(a)(6) of Article XVI of the Texas Constitution, home equity loans "must be without recourse for personal liability against you and your spouse unless you or your spouse obtained this extension of credit by actual fraud." Tex. Const. art. XVI, § 50(a)(6); *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 742 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014) ("[H]ome equity loans executed pursuant to Article 16, § 50(a)(6) of the Texas Constitution are non-recourse by definition and preclude contractual mortgagor liability."). No indication exists either in the record or in the Note (Doc. 11-1) that the loan was obtained by fraud. In addition, the Note states in section 6(E) that the

> Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example reasonable attorneys' fees . . . . *[T]he Note Holder can enforce its rights under this Note solely against the property described above and not personally against any owner of such property or the spouse of an owner.*

Doc. 11-1 at 3 (emphasis added). Section 8 similarly provides that "Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that this Note is given without personal liability against each owner of the property . . . unless the owner . . . obtained the extension of credit by fraud." *Id.*

Ms. Garcia, therefore, cannot be personally liable to NexBank because the note is a nonrecourse equity instrument. Accordingly, the court **sustains** Plaintiff's second objection and

**rejects** the magistrate judge's recommendation because she recommends holding Ms. Garcia personally liable in the amount of $60,375, without any finding of fraud.[5]

### C. The Magistrate Judge's Recommendation that the Court Deny NexBank's Request for Attorney's Fees Against Plaintiff's Counsel under 28 U.S.C. § 1927

At the hearing, counsel for NexBank indicated that it was challenging the magistrate judge's recommendation that the court deny its request for attorney's fees against Ms. Garcia's counsel. The court reminded counsel that his client had not filed any objections to this recommendation and, therefore, waived its argument. Nevertheless, the court has reviewed the magistrate judge's recommendation to deny NexBank's request for fees against Ms. Garcia's counsel under 28 U.S.C. § 1927 for plain error and, after review, concludes she did not commit plain error in her recommendation.

Here, NexBank argued that an award of attorney's fees against Ms. Garcia's counsel was warranted because her counsel initiated litigation knowing that she did not have a viable claim and, then, failed to dismiss the action immediately. The magistrate judge concluded that, "[e]ven if Plaintiff's claims against Defendants were baseless, this alone does not mean that they were brought in bad faith or for improper purpose." Report 13 (Doc. 19). After considering the record in its totality, the court finds no plain error in the magistrate judge's determination on this issue.

### D. NexBank's Remaining Grounds for Attorney's Fees

In light of her conclusion that NexBank was "entitled to attorney's fees against Plaintiff under the terms of the Security Instrument," the magistrate judge found "it is not necessary to

---

[5] The court recognizes that, while the mortgagor is not personally liable for attorney's fees, the mortgagee may recover its attorney's fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale. *See Huston*, 988 F. Supp. 2d at 742. Otherwise stated, that home equity loans are nonrecourse does not bar a lender from recovering attorney's fees from a borrower under the contract as part of the balance owed under the note. As the magistrate judge recommended granting NexBank its attorney's fees against Ms. Garcia personally, *see* Report at 13, and NexBank sought its attorney's fees against Ms. Garcia personally, this issue is not before the court.

consider the remaining claims against Plaintiff for attorney's fees under the Court's inherent power or under the TDJA." Report 8, note 4. As the court has sustained Ms. Garcia's objections and rejected the magistrate judge's recommendation to award NexBank its attorney's fees against Ms. Garcia under Section 9 of the Security Instrument, it now considers NexBank's contention that it is entitled to attorney's fees against Plaintiff under the court's inherent power or under the TDJA.

### 1. Attorney's Fees Under the Court's "Inherent Power"

The general rule in the *United States* is that, "in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). The court has the inherent power to deviate from the "American Rule" to award attorney's fees for, among other things, parties acting in "'bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (recognizing court's inherent power to assess attorney's fees when party acted in bad faith). "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001). "Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution. The threshold for the use of the inherent power [to impose] sanction[s] is high." *Id.*

NexBank argues that Ms. Garcia acted in bad faith when she brought this suit. It seeks attorney's fees under the court's "inherent power" as a punitive sanction. Although available as a remedy in extreme cases, a court's inherent power to impose attorney's fees as a sanction "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 45. "A court should invoke its inherent power to award attorney's fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d

997 (5th Cir. 1995) (cleaned up). Here, having reviewed the parties' briefing and the record, the court determines that Ms. Garcia's conduct in bringing a civil action contending that the home equity loan was void because it was not closed "at the office of the lender, an attorney at law, or a title company" in violation of § 50(a)(6)(N) of the Texas Constitution does not rise to the level of abuse or bad faith warranting the use of the court's inherent power to sanction. *Id.* Accordingly, the court **denies** NexBank's request for attorney's fees pursuant to the court's inherent power.

### 2. Attorney's Fees under the TDJA

NexBank also contends it should be awarded attorney's fees under the TDJA. Section 37.009 of the Texas Civil Practice and Remedies Code states: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."

Under Fifth Circuit precedent, however, "a party 'may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law.'" *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009) (quoting *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)). The fee provision is procedural, and "Texas procedure does not govern [a] diversity action." *Utica Lloyd's*, 138 F.3d at 210. "[A]lthough a party may recover fees in a federal declaratory judgment action where controlling substantive law permits such recovery, the Texas DJA is neither substantive nor controlling." *Id.*; *see also Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*, 679 F. Supp. 2d 739, 745 (N.D. Tex. 2009) (Lindsay, J.) (recognizing that "*Utica Lloyd's* makes clear that section 37.009 is procedural and does not create a right to attorney's fees in a federal diversity action[,]" and rejecting a request for attorney's fees under the TDJA on this basis); *Aspen Specialty Ins. Co. v. Yin Invs. USA, LP*, No. 6:20-CV-6, 2020 WL 4505903, at *2 (E.D. Tex. Aug. 5, 2020) (dismissing counterclaim for attorney's fees under the TDJA because "[a]lthough that Act does provide for attorney's fees, that

**Memorandum Opinion and Order – Page 15**

provision is procedural law and thus does not govern in this diversity action") (citations omitted). Accordingly, the court **denies** NexBank's request for attorney's fees under the TDJA.

### III. Conclusion

For the reasons set forth herein, and after conducting a de novo review of those portions of the Report to which Ms. Garcia objected, the court **sustains** her objections to the magistrate judge's conclusion and recommendation that the court grant NexBank's Motion and Application for Attorney's Fees insofar as it recommends the court award Nexbank attorney's fees in the amount of $60,375 against Ms. Garcia. First, the court **concludes** that attorney's fees are not recoverable pursuant to Section 9 of the Security Instrument. Second, the court **concludes** that the imposition of attorney's fees against Ms. Garcia personally violates the terms of the Note and Section 50(a)(6) of Article XVI of the Texas Constitution, under which home equity loans must be "without recourse for personal liability against each owner and the spouse of each owner, unless the owner or spouse obtained the extension of credit by actual fraud." Tex. Const. art. XVI, § 50(a)(6). The court **overrules as moot** Plaintiff's remaining objections. With respect to the magistrate judge's recommendation that the court deny NexBank's request in its Motion and Application for Attorney's Fees to hold Ms. Garcia's counsel liable for attorney's fees under 28 U.S.C. § 1927, the court **accepts** the magistrate judge's Report, as NexBank failed to file any objections and, therefore, waived its right to challenge her recommendation. Third, the court **concludes** the magistrate judge did not commit plain error in recommending the court deny NexBank's request for attorney's fees against Ms. Garcia's counsel. Finally, for the reasons explained, the court **denies** NexBank's Motion and Application for Attorney's Fees (Doc. 10).

**It is so ordered** this 2nd day of September, 2022.

*Sam A. Lindsay*
Sam A. Lindsay

                United States District Judge